The judgment of the court was pronounced by
Slidell, J.
We have noticed, in case No. 1652, the circumstances under which the same plaintiffs obtained an injunction against Gresham and the sheriff. We also stated that the order of injunction was obtained on the 24th July, 1849. It was not served upon the sheriff until the 27th of July. On the 24th July, the sheriff, having learned that he would probably be enjoined, gave the plaintiffs notice that he had discovered a clerical error in his advertisement, the use of the word “ Carroll,” instead of “ Madison,” in designating the court from which the writ issued ; that he had accordingly withdrawn the former advertisement, and re-advertised the sale for the 1st September, 1849. The new advertisement was made on the 24th July ; and, on the same day we find the plaintiff’s executing a forthcoming bond for the property seized, conditioned for its production on the 1st September, and reciting the fact that it was advertised for that day. It is obvious, that by this course of action, the plaintiffs authorized the sheriff to believe that this injunction was abandoned; to attribute to their conduct any other legal effect would be to sanction mere trifling with the public officer, and an injustice to the creditor. Matters thus stood until the day of sale had nearly arrived, when on the 31st August, the plaintiffs obtained a new injunction. The grounds stated in the petition will be noticed seriatim.
1st. That the coming sale was in violation of the previous injunction. We consider that injunction as virtually abandoned; and the plaintiffs can take no benefit from it. 2d. That Travis, the acting sheriff, was not sheriff when the writ came into his hands, nor since, because he had not qualified after his election, in 1847, by taking his oath before a competent officer. That in fact this oath was not taken until about the middle of June, 1849.
The facts, as admitted at the trial, are as follows: Travis, after his election as sheriff of Carroll, in 1847, took the oath of office on or about the 3d February, 1848. It was administered to him by Hillman, who then acted as justice of the peace for said parish. Hillman did not take his own oath of office after his election, in November, 1847. His oath, after his first election under the new Constitution, in 1846, was administered to him by the clerk of the District Court for Carroll, out of term time, and not in open court. An oath of office was administered to Travis by the district judge, on the 19th June, 1849. Travis, under his first election, in 1846, was legally qualified, and did then legally take his official oath. It is not pretended that any one else, since 1846, has acted as sheriff.
We do not consider it necessary to enlarge upon this point. The subject was considered in Dorsey v. Vaughan, ante p. 155. Travis' past acts cannot be invalidated ; and since June, 1849, he has been acting under the solemnity of an oath which supplies for the future, the previous omission, if legal omission there was. Whether the State in a proper proceeding could disturb his commission, is a question upon which we express no opinion, and which the plaintiff in the present action has not the right to litigate. 3d and 4th. That Travis had accepted the office of collector of parish taxes. That the time of sale was not properly designated. Upon these points we refer to Dorsey v. Vaughan, ante p. 155.
It is therefore decreed, that the judgment of the district court be so amended that the said Walter A. Gresham recover of Levi Beard and Zachariah Hor *162 "*sey, in solido, the sum of $24'Ó, as damages, and the sum of $10 75, as additional interest,-from 31st August, 18’49, to 17th December; 1849, and lhat so ¿amended the' judgment of the district court be affirmed, with costs.